UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHON MYERS,

        Plaintiff,                             Case No. 2:14-10220
                                                District Judge Stephen J. Murphy, III
v.                                           Magistrate Judge Anthony P. Patti

CYNTHIA FITZGERALD, *et al.*

        Defendants.
_____/

**<u>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL (DE 38), GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION (DE 38) AND SETTING A HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 34)</u>**

**I.    BACKGROUND**

Plaintiff, Marshon Myers, who is proceeding without the assistance of counsel, filed his complaint and application to proceed *in forma pauperis* on January 16, 2014.  (DE 1 and 2.)[1]  The Court granted his application on January 22, 2014.  (DE 4.)  Plaintiff initially brought this action against eleven prison officials, claiming they failed to properly file paperwork relating to the interstate agreement

---

[1] When Plaintiff filed his complaint, he was housed at the Michigan Department of Corrections, Cooper Street Facility in Jackson, Michigan.  (DE 1 at ¶ 1.)  Since then, he has been released from prison and notified the Court of his change of address on December 19, 2014.  (DE 25.)

on detainers, 18 U.S.C. § 2, Mich. Comp. Laws § 780.601. To date, ten of the eleven Defendants have been dismissed.

The sole remaining Defendant, Angie Leffler, filed a motion for summary judgment in this action on January 27, 2016. (DE 34.) On January 29, 2016, the Court issued a scheduling order requiring Plaintiff to respond to the motion on or before March 14, 2016. (DE 35.) On March 14, 2016, Plaintiff called the Court asking for a brief, one-day extension, which was granted.

On March 18, 2016, Plaintiff filed a motion seeking to extend the deadline by 90 days. (DE 36.) He reasoned that he was entitled to the extension because he suffers from severe anxiety, stress, and depression. The Court granted the motion in part, allowing him an additional 30 days in which to file his response. (DE 37.) The Court also stated that "[n]o further extensions will be granted absent an extreme showing of good cause." Id.

On April 20, 2016, however, Plaintiff filed a document titled "Response to Defendant[']s Request for Summary Judgment," in which he asks the Court to grant him an additional 120 days in which to file a response and to appoint an attorney to represent him. (DE 38.) Plaintiff asserts that he is "not currently mentally capable of dealing with this issue" due to severe anxiety attacks. He does not provide any information that was not included in his previous motion for extension.

Based on Plaintiff's requests within the document he titled a "response," the Court will construe the response as a motion for appointment of counsel and for extension and will address each issue in turn.

## II. MOTION FOR APPOINTMENT OF COUNSEL

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The

3

appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[2] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Applying the foregoing authority, Plaintiff has not described any circumstances to justify a request for appointment of counsel. First, he is no longer in prison so there is no concern that losing his case could deprive him of his physical liberty. Second, as to the probable merits of his claims, ten of the eleven Defendants initially named in this action have already been dismissed and the only remaining Defendant has a pending motion for summary judgment. Third, as to the nature of the case and the complexity of the issues involved,

---

[2] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

Plaintiff's entire complaint is based upon one aspect of state law and is not so complicated as to be considered extraordinary.

Finally, although Plaintiff has repeatedly contended that he is unable to adequately communicate with the Court due to his mental issues, the documents he has filed with the Court do not demonstrate such an inability. He has kept up with deadlines to the extent needed to request extensions and has had several of his motions granted by the Court. (DE 29 and 37.) Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.** (DE 38.) Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

### III.   MOTION FOR EXTENSION

Defendant's motion has been pending since January 27, 2016. The Court has twice previously granted Plaintiff extensions of time in which to file a response to this motion, first verbally on March 14, 2016 and again by granting in part his March 18, 2016 motion. (DE 37.) The Court also cautioned Plaintiff that no further extensions would be granted absent an extreme showing of good cause.

No such showing of good cause has been made in Plaintiff's motion. However, in an abundance of caution to allowing a *pro se* Plaintiff time respond to the pending motion, his motion will be **GRANTED IN PART**. Specifically,

Plaintiff's response must be filed, if at all, **ON OR BEFORE JUNE 29, 2016**. If Plaintiff files a response, Defendant's reply may be filed **ON OR BEFORE JULY 6, 2016**. No further extensions will be granted.

## IV.    NOTICE TO APPEAR

The pending motion for summary judgment (DE 34) is hereby scheduled for a hearing before the undersigned on **JULY 13, 2016 at 2:00 P.M.** at the United States District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, Room 624, Detroit, Michigan.

**IT IS SO ORDERED.**


Dated: May 16, 2016                           s/Anthony P. Patti
                                              Anthony P. Patti
                                              UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 16, 2016, electronically and/or by U.S. Mail.

                                              s/Michael Williams
                                              Case Manager for the
                                              Honorable Anthony P. Patti